ARTHUR P. PALMER *vs.* WILLIAM P. GOODRUM, administrator.

Bristol.    October 26, 1914. — November 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Evidence,* Presumptions and burden of proof. *Practice, Civil,* Ordering verdict.

If, at the trial of an action of contract or tort for breach of a guaranty as to freedom of certain horses from contagious diseases, or for deceit in falsely representing them so to be free, where the only evidence on the subject of the making of the guaranty or representations is in the testimony of the plaintiff, a verdict should not be ordered for the defendant merely because there are inconsistencies in the plaintiff's testimony and the defendant contends that it ought not to be believed.

CONTRACT OR TORT, the declaration containing allegations that the defendant, in order to induce the plaintiff to furnish the

service of a certain stallion to two mares, falsely represented to the plaintiff that the mares did not have any contagious disease, that, relying on such "representation and promise," the plaintiff received the mares at his farm and that they communicated glanders to some of the plaintiff's horses. Writ dated February 4, 1911.

In the Superior Court the case was tried before *Sanderson,* J. Material facts are stated in the opinion. The only testimony on the matter of the making of the representation or promise was that of the plaintiff himself. At the close of the evidence, the defendant asked for a ruling that on all the evidence the verdict should be for the defendant. The ruling was refused. There was a verdict for the plaintiff in the sum of $1,700. The defendant alleged exceptions.

The case was submitted on briefs.

*A. G. Weeks,* for the defendant.

*C. L. Baker, E. A. Thurston & B. Cook, Jr.,* for the plaintiff.

Loring, J. The defendant admits that the plaintiff testified that the defendant made the guaranty sued on. His contention is that taking the plaintiff's testimony as a whole, that evidence ought not to be believed and for that reason the judge ought to have directed the jury to return a verdict in his favor. There is nothing in that contention nor in the case relied upon by him (*Fay* v. *Alliance Ins. Co.* 16 Gray, 455) in support of it.

*Exceptions overruled.*